AMELIA A. BROWN *v.* WM. A. DYE ET AL.

**Dismissal and Non-Suit—Suit on Bond to Perform Judgment.**

A suit on a bond to perform a judgment that might be rendered in an action, was properly dismissed, where no judgment appears to have been rendered.

APPEAL FROM JEFFERSON CIRCUIT COURT.

November 5, 1873.

OPINION BY JUDGE PETERS:

The appellant sued out an attachment against the property of appellees, which had been removed from a house which belonged to her, and which she claimed to subject to the payment of the rent of the house from which the property was removed, to become due at a future day; the attachment was levied and thereupon appellees executed bond with surety in these words: "We undertake in the sum of three hundred and thirty dollars, that the defendant, W. A. Dye, shall perform the judgment of the court in this action," etc.

This bond is dated January 15, 1869, and no further step appears to have been taken until the 24th of April, 1869, when appellant filed a notice executed on appellee, and moved in the court below for a judgment against the obligors in said bond. From the bill of exception it appears that the parties on this motion went regularly into the trial of the question of whether appellee, Dye, was indebted to appellant for the rent claimed; and after all the evidence was heard, the law and facts having been submitted to the judge, he adjudged that appellant's petition should be dismissed with costs; and from that judgment she prosecuted this appeal.

By the execution of the bond, the original attachment was discharged and the action then stood for trial on the merits, the responsibility of the obligors in the bond depending upon the result of the trial of the action. If appellant succeeded in recovering judgment, and the same was not satisfied, she had her remedy on the bond, the stipulation of which was "to perform the judgment of the court in the action;" and until judgment was rendered in her favor in the original action, she could not succeed on the bond, and no such judgment appears to have been rendered. The judgment, which is in effect a dismissal of the motion, was proper and must be affirmed.

*W. E. Riley, for appellant.*

*Clemmons, Willis, for appellees.*